OPINION
{¶ 1} On September 3, 2004, the Fairfield County Grand Jury indicted appellant, William Haputa, on one count of abduction in violation of R.C. 2905.02, one count of disrupting public services in violation of R.C. 2909.04(A)(1), one count of illegal cultivation of marijuana in violation of R.C. 2925.04, one count of tampering with evidence in violation of R.C. 2921.12 and one count of receiving stolen property in violation of R.C. 2913.51.
 {¶ 2} On January 3, 2005, appellant pled guilty to the illegal cultivation of marijuana, a third degree felony, and receiving stolen property, a fourth degree felony. The remaining counts were dismissed. By judgment entry filed February 11, 2005, the trial court sentenced appellant to three years in prison on the felony three and six months in prison on the felony four. The three year sentence was suspended in lieu of five years of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO ACTUAL PRISON INCARCERATION ON A FELONY OF THE FOURTH DEGREE."
 I {¶ 5} Appellant claims the trial court erred in failing to make the necessary findings pursuant to R.C. 2929.13(B)(1) regarding the felony four count. We agree.
 {¶ 6} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (B)(1) states the following:
 {¶ 7} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 8} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 9} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 10} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 11} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 12} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 13} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 14} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 15} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 16} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 17} The issue that is extremely troublesome sub judice is while the trial court denied community control on the felony four, it found community control was appropriate on the felony three. This sentence appears to be inconsistent because the standard for a felony of the third degree is different and more stringent than for a felony of the fourth degree:
 {¶ 18} "(C) Except as provided in division (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code." R.C. 2929.13(C)(1).
 {¶ 19} R.C. 2929.11 states the following in pertinent part:
 {¶ 20} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 21} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 22} R.C. 2929.12 governs factors to consider in felony sentencing and states the following:
 {¶ 23} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 24} Subsections (B), (C), (D) and (E) list numerous factors to be considered.
 {¶ 25} During the sentencing hearing, the state recommended jail time on the felony four and defense counsel objected. February 7, 2005 T. at 6-7. The trial court acknowledged the distinction between the presumptions in sentencing on a felony three versus a felony four as follows:
 {¶ 26} "But it was the Court's understanding that at least with respect to the felony three, that while it is the more serious of the two offenses for which this Defendant has entered pleas of guilty, that the purpose of the State's recommendation at least with respect to the felony three was to have what would amount to be a fairly substantial period of time over the Defendant's head to encourage him to do well on community control and to give him further incentive not to have any further conflicts with the law.
 {¶ 27} "The overall purposes of sentencing under Ohio law are to punish offenders and to protect the public — that's what the law states — from future crimes.
 {¶ 28} "The Court is required to consider — at least consider some form of incapacitation or incarceration. The Court is required to consider deterrence — what will it take to prevent you and others who are in similar situations from committing similar offenses in the future; rehabilitation — what will it take for you to get yourself into a position where you're not committing future offenses; and also restitution." Id. at 49.
 {¶ 29} Upon review, we find a lack of appropriate findings on the record regarding appellant's sentence.
 {¶ 30} The sole assignment of error is granted.
 {¶ 31} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed and the matter is remanded to said court for findings consistent with this opinion.
Farmer, P.J. Wise, J. and Edwards, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is reversed and the matter is remanded to said court for findings consistent with this opinion. Costs to appellee.